*395
 
 EN BANC ADMINISTRATIVE ORDER
 

 The Constitution of the State of Mississippi provides:
 

 The powers of the government of the State of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive another.
 

 Miss. Const., Art. 1, Sec. 1.
 

 It further provides:
 

 No person or collection of persons, being one or belonging to one of those departments, shall exercise any power properly belonging to either of the others....
 

 Miss. Const., Art. 1, Sec. 2. Thus, Mississippi’s judiciary is a separate, co-equal branch of government.
 

 As part of the separation of powers among, and checks and balances on, these three co-equal branches of government, our Legislature has the duty to fund the judicial branch of government. The total amount appropriated to the judicial branch represents approximately six-tenths of one-percent (.006) of the General Fund appropriations. For Fiscal Year 2010, the judicial appropriation was approximately $8,000,000 below that requested and needed for the effective ongoing operation of our ninety-nine trial courts and two appellate courts. On December 3, 2009, the State Fiscal Officer stated that, acting pursuant to Miss.Code Ann. § 27-104-13, the 2010 appropriations for the judicial branch of government from general funds, budget contingency funds, and federal stimulus funds would be reduced by 5%. Due to the serious financial condition of state government, the Judicial Branch voluntarily allowed cuts in the amount of $950,714. Also, in order to address this crisis, significant reductions in spending at the appellate and trial level have been made.
 

 On January 22, 2010, the State Fiscal Officer announced further reductions in appropriations, including those of the judiciary. The State Fiscal Officer’s authority to make budget cuts pursuant to Section 27-104-13, or otherwise, is limited to “agencies” and “the Mississippi Department of Transportation,” and does not extend to the judiciary, which is constitutionally-established as a separate branch of government, rather than an “agency.”
 
 [1]
 
 The Constitution applies to every statute,
 
 Trainer v. State,
 
 930 So.2d 373, 381 (Miss.2006), and all statutes are presumed to be constitutional.
 
 Id.
 
 at 377. Thus, the State Fiscal Officer must apply statutes in a constitutional manner. To the extent the State Fiscal Officer interprets Section 27-104-13 to authorize reductions in the judicial branch’s budget, we hold that such interpretation is inconsistent with the Constitution of the State of Mississippi. We therefore hold that any funds duly appropriated for the judicial branch of government are not subject to reduction pursuant to Section 27-104-13.
 

 Nevertheless, the appellate and trial courts of this state are fully aware of the economic difficulties facing our state and its people. This Court, together with its financial administration, has carefully reviewed the budget of the judicial branch, and our courts have voluntarily made, and will continue to make, diligent and reasonable efforts to reduce their expenditures to the extent reasonably possible, without compromising the operation of a judiciary that can carry out its constitutional mandate to administer justice fairly and effi
 
 *396
 
 ciently. Notwithstanding the cuts and efforts to reduce expenditures, the judiciary will require a deficit appropriation in order to complete the 2010 fiscal year.
 

 IT IS THEREFORE ORDERED:
 

 A. The appellate, chancery, and circuit courts of the state and their support offices, including the Administrative Office of Courts shall remain open, performing the constitutionally-mandated responsibilities of the Judicial Branch of government.
 

 B. Section 27-104-13 is not applicable to the legislative appropriation to the Judicial Branch, and the State Fiscal Officer shall not impose those reductions announced on January 22, 2010 to the judicial appropriations.
 

 C. The Marshal of this Court shall hand deliver a true certified copy of this order to the State Fiscal Officer. Additionally, true copies shall be forthwith transmitted to Governor Haley Barbour, Lieutenant Governor Phil Bryant, Speaker of the House of Representatives Billy McCoy, and Attorney General Jim Hood.
 

 D. This order shall be published in the same manner as published opinions of the Court.
 

 SO ORDERED.
 

 /s/ William L. Waller, Jr., William L. Waller, Jr., Chief Justice
 

 ALL JUSTICES JOIN.
 

 [1]
 

 . Indeed, Section 27-104-13(1) makes it clear that the legislative branch of government is not an “agency.”